DICKSON, Justice,
concurring in result.
As to subpart I(B)(5), I believe that the standard for adaptive behavior should not be linked to the current clinical standards as set forth in the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, commonly referred to as DSM-IV, and that Indiana's standard for adaptive behavior pursuant to Indiana Code § 35-36-9-2 is not necessarily invalid even if it may be at variance with the Association's currently prevailing views expressed in their latest DSM-IV standards.
With respect to Part VIII, regarding the Court's constitutional power "to review and revise the sentence imposed" under Indiana Constitution Art. 7, § 4, the text of this provision grants only the permissive power, not the duty, to review and revise criminal sentences, and it does not specify any basis or grounds for review. By rule, this Court has implemented the provision using two standards, both requiring restraint and considerable deference to the sentences imposed at the trial court level. From 1978 to 2008, our rule restrictively *123 declared that "[the reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender." Former Appellate Rule 17(B)(1) and Appellate Review of Sentences Rule 2. This rule further limited such review by declaring that "[a] sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed." Id. Effective January 1, 2003, we modified the grounds for appellate sentence revision to permit it "if, after due consideration of a trial court's decision, the court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind.App. R. 7(B). Thus, for twenty-five years, we applied our constitutional sentence revision power on the basis of manifest unreasonableness, and for only the past two years have we chosen to exercise this power based upon appropriateness.
I agree with the majority opinion that our constitutional power of sentence revision exists regardless whether a sentence is determined by judge or jury, but I caution that whether the standard is appropriateness or some other standard is not a matter of constitutional mandate. There is no constitutional obstacle to the Chief Justice's view that we should leave evaluation of appropriateness to the jury under the legislature's new sentencing scheme.
Under both the current and former standard, we have understood that any revision must be limited to considerations of the character of the offender and the nature of the particular offense committed. Neither standard requires or refers to consideration of sentences of other offenders or offenses, and both standards emphasize the need for appellate restraint and respect for the sentence imposed at trial. Under our present rule, I believe that the "due consideration of the trial court's decision" required by Rule 7(B) should restrain appellate revision of sentences to only rare, exceptional cases.
SHEPARD, C.J., joins.